Per Curiam:

Plaintiff Suffolk Roadway, Incorporated and the Suffolk County Water Authority had a road repair contract for which defendant issued a performance bond. After completion of the work a dispute arose as to the compensation owed plaintiff. On June 24, 1963, defendant as plaintiff’s surety under its performance bond, made a contract with the authority under which the authority deposited $52,708.35 with defendant with which to remove the liabilities of plaintiff to its creditors. Defendant agreed to hold the authority harmless in respect of claims, except as to plaintiff’s claim against the authority. Thereafter on January 27, 1965, defendant made a payment of $9,304.28 to Park Asphalt Corp., an asserted creditor of plaintiff.
Plaintiff and the authority finally settled their action on June 12, 1973, as a result of which the authority made an assignment to plaintiff on December 31, 1973, of the balance not due plaintiff’s creditors of the funds deposited with defendant. Alleging that the payment to Park Asphalt Corp. was wrongfully made by defendant, plaintiff thereafter brought this action to recover this sum from defendant. The court below held that $8,983.89 was an improper overpayment, and granted judgment for plaintiff in this amount with interest from January 27, 1965.
There is sufficient evidence to sustain the decision of the court, as trier of fact, of defendant’s liability for the overpayment. However, the interest awarded was incorrectly determined. Since the earliest date plaintiff acquired a cause of action against defendant for this sum is the date of the assignment executed pursuant to the settlement of June 12, *1039 1973, the interest should have been computed from December 31, 1973, the date of the assignment, rather than from January 27, 1965 (see CPLR 5001, subd [b]).
The court is troubled by the fact that, as happened in this case, deposits such as the one here involved often do not require that the surety keep the funds in an interest bearing account. We recommend to the Legislature that consideration be given to so providing by statute, along the lines spelled out, in respect of rent security deposits, in section 7-103 of the General Obligations Law.
Judgment, entered May 19, 1975, modified by striking from the recovery the provision for interest from January 27, 1965, and by substituting therefor a provision for interest from December 31, 1973, and, as modified, affirmed, without costs.
Concur: Markowitz, P. J., Tierney and Riccobono, J J.